Brett E. Lewis (*Pro Hac Vice Application Forthcoming*)
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: Brett@iLawco.com

*Attorneys for Marco Yammine*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARCO YAMMINE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TOOLBOX FOR HR SPÓŁKA Z OGRANICZONĄ ODPOWIEDZIALNOŚCIĄ SPÓŁKA KOMANDYTOWA,<br><br>　　　　Defendant. | No.<br><br>**COMPLAINT** |

## NATURE OF THE ACTION

1. This action seeks declaratory relief pursuant to 15 U.S.C. § 1114(2)(D)(v) to establish that Plaintiff Marco Yammine's registration and use of the domain name <CVtimeline.com> (hereinafter the "Disputed Domain") is not unlawful under the Anticybersquatting Consumer Protection Act ("ACPA").

## THE PARTIES

2. Plaintiff Marco Yammine is a citizen of Italy with a residence at Ul. Czerska 18/106, Warsaw, Poland 00-732.

3. Upon information and belief, Defendant TOOLBOX FOR HR SPÓŁKA Z OGRANICZONĄ ODPOWIEDZIALNOŚCIĄ SPÓŁKA KOMANDYTOWA ("TB4HR") is a Polish company with an address at Plac Konstytucji 5/31, Warsaw, Poland 00-657.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1114(2)(D)(v), and 28 U.S.C. § 2201 that Plaintiff's acquisition and use of the Disputed Domain is not unlawful under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

5. This Court has personal jurisdiction over Defendant as a result of Defendant's initiation of an administrative proceeding against the Disputed Domain pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP").

6. Venue is proper in this District under 28 U.S.C. § 1391 (b)(2). A substantial part of the property that is subject of this action is situated in this District. Moreover, venue is proper in this district due to Defendant's voluntary submission to this Court's jurisdiction when Defendant filed a complaint with the World Intellectual Property Office (WIPO) arbitration and mediation center concerning Plaintiff's registration of the Disputed Domain.

7. The Disputed Domain has its situs in this District within the meaning of 15 U.S.C. § 1125(d)(2)(C). The registrar for the Disputed Domain is GODADDY, which is not only headquartered in this District, but upon information and belief also has additional business locations in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8. From March 2018 to December 2018, Plaintiff Marco Yammine and Defendant TB4HR had a business-to-business (B2B) cooperation agreement in which Yammine was asked by TB4HR's Founder and CEO, Marcin Smolinski, to develop and maintain a website at <mageekz.com> in connection with human resources services for the tech industry (the "Mageekz Project").

9. In the summer of 2018, while working on the Mageekz Project, Yammine independently came up with an idea on how best to display a curriculum vitae ("CV") in connection with recruitment software. Yammine shared his idea with Smolinski and they verbally agreed to try and develop a product out of Yammine's CV idea as business partners and co-founders of a new venture.

10. However, Smolinski never showed much interest in the new venture and Yammine ended up taking on full responsibility to try and get the business started and product developed.

11. On September 20, 2018, Yammine thought of and created the "CV Timeline" name for the new venture. That same day Yammine checked whether the corresponding domain name <CVTimeline.com> was available for registration -- since it was available, he registered the Domain Name and adopted the "CV Timeline" name for his new venture.

12. The Domain Name was registered separate and apart from the Mageekz Project for a venture independent of, and unrelated to, TB4HR.

13. In December 2019, Yammine was employed by TB4HR as head of an R&D project that was unrelated to the CV Timeline venture (the "R&D Project").

14. From December 2019 to June 2020, Smolinski went on hiatus, stopped responding to communications from Yammine for 7 months, and effectively abandoned any participation in the CV Timeline venture.

15. In March 2020, Yammine founded a Polish company named CVT Sp. z.o.o. for the CV Timeline business and use of the Domain Name. Smolinksi had no role or participation in CVT Sp. z.o.o.

16. A business dispute ensued between Yammine and Smolinski in connection with the R&D Project. Yammine and Smolinski were unable to reach a mutual agreement.

17. In May 2020, it came to Smolinski's attention that CVT Sp. z.o.o. was created for the purpose of launching the CV Timeline venture. Then, for the first time, Smolinski raised an issue with Yammine's registration of the Domain Name and use of the CV TIMELINE trademark, despite Smolinksi's knowledge since September 2018 that Yammine registered the Domain Name and adopted the CV TIMELINE name.

18. The underlying UDRP Complaint contained unsworn and unsubstantiated allegations concerning TB4HR's purported ownership of the CV TIMELINE trademark and rights to the Domain Name, and the relationship between the parties in connection with the CV Timeline venture.

19. Yammine registered the Domain Name to himself personally in furtherance of the business venture based on his idea. All fees in connection with the Domain Name have been paid by Yammine.

20. Smolinski abandoned any interest in the CV Timeline venture and has not contributed any funds or any knowledge, work or know-how in connection with the CV Timeline venture.

21. TB4HR has no rights to or interest in the CV TIMELINE name, trademark and domain name.

22. As such, Yammine could not have *registered* a domain name that was confusingly similar to a U.S. trademark that was distinctive at the time of registration -- the trademark rights, if any, were proprietary to Yammine, not TB4HR.

23. As owner and creator of the CV Timeline business and name with rights to the CV TIMELINE trademark, Yammine's registration of the Domain Name was also not done in bad faith within the meaning of the ACPA because TB4HR has no rights or interest in a CV TIMELINE trademark.

24. Any claim that CV TIMELINE is Defendant's work and intellectual property is also unsubstantiated, and disputed.  CV TIMELINE was created by Plaintiff Marco Yammine.  Smolinski abandoned any preliminary interest in the venture, and then used an unrelated business dispute regarding the R&D Project as pretext for launching a baseless UDRP action in order to damage Yammine.

25. On September 24, 2020, Defendant submitted a complaint with WIPO, initiated an administrative proceeding against Plaintiff's registration of the Domain Name, and sought an order to transfer the ownership rights of the Domain Name to Defendant, based on false allegations of Defendant's ownership of a CV TIMELINE trademark.

26. The UDRP proceeding, *Toolbox for HR Spółka z Ograniczoną Odpowiedzialnością Spółka Komandytowa v. Domains By Proxy, LLC / Marco Yammine*, Case No. D2020-2548 (the "Proceeding") was decided by a single WIPO panelist on December

22, 2020. The Panelist issued a decision directing transfer of the Domain Name to Defendant.

27. The Respondent in the Proceeding has ten business days to commence an action in this district to stop the transfer of the Domain Name from taking place.

28. In filing the Proceeding, Defendant *chose* to submit to the jurisdiction of this Court, and to have the laws of the United States, as interpreted and applied by the Ninth Circuit and the courts in this District, apply to the parties' dispute.

29. Yet, Defendant completely disregarded the laws of this Circuit in filing a Proceeding.

30. Under U.S. law, a claim for cybersquatting cannot stand, unless, *first*, a complaining party has rights under the Lanham Act, and *second*, a trademark holder's claimed rights pre-date the rights of the alleged cybersquatter's rights in its domain name. Finally, the trademark holder must establish that the domain name was registered with a bad faith intent to profit from a known trademark.

31. All three required elements are lacking in this case.

32. Upon information and belief, Defendant was aware that its UDRP Complaint needed to meet the standards not of the UDRP, but of the *Lanham Act*. It was not enough to craft a complaint that could prevail in an administrative dispute proceeding.

33. Upon information and belief, Defendant possesses no common law trade or service mark rights and no rights under the Lanham Act in connection with goods and/or services under the name, "CV TIMELINE."

34. At no point did Plaintiff offer the Domain Name for sale.

35. At no point has Plaintiff offered any domain name for sale.

36. Without any proprietary rights or interests in the CV TIMELINE trademark and business, Defendant had no basis to support the UDRP Proceeding.

37. For the above reasons, Plaintiff seeks a declaration that the Domain Name is rightfully owned by Plaintiff.

38. In accordance with the Internet Corporation for Assigned Names and Numbers (ICANN) Policy, Plaintiff provided notice to Defendant that a lawsuit would be commenced against it concerning the Disputed Domain name within a ten-day period.

## COUNT ONE
### Declaration Under Anticybersquatting Consumer Protection Act

39. Plaintiff realleges and incorporates paragraphs 1-38 above.

40. As stated above, Defendant lacks trademark rights in the United States and under the Lanham Act.

41. As such, Plaintiff's registration of the Disputed Domain violates no right of Defendant's under the Anticybersquatting Consumer Protection Act, 15 U.S.C. 1125(d).

42. As a result, because the Domain Name was registered by Plaintiff to further a business venture created by Plaintiff under a name created by Plaintiff, it cannot have been registered with the bad faith intent to profit off of a trademark that Defendant did not own and never has owned.

43. In registering the Domain Name, Plaintiff did not have a bad faith intent, as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from any mark alleged to be owned by Defendant.

44. In registering the Domain Name, Plaintiff did not have the intent, as provided in 15 U.S.C. § 1125(d)(1)(B), to divert consumers from Defendant's online location to a

site accessible under the Domain Name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

45. In registering the Domain Name, and at no time since registration, has Plaintiff offered to transfer, sell, or otherwise assign "CVTimeline.com" to Defendant or any third party for financial gain without having used, or having an intent to use, the Domain Name in the bona fide offering of any goods or services, nor is there prior conduct by Plaintiff indicating a pattern of such conduct.

46. Plaintiff has not registered or acquired multiple domain names that he knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties.

47. Plaintiff has not registered, trafficked in, or used a domain name that at the time the Domain Name was registered in 2018, was identical or confusingly similar to any mark alleged to be owned by Defendant.

48. Plaintiff believed and had reasonable grounds to believe that his registration of the Domain Name was lawful.

49. As required by 15 U.S.C. § 1114(2)(D), Plaintiff has given notice to Defendant of his intent to file an action to establish that Plaintiff's acquisition and use of the Domain Name is not unlawful under the ACPA.

**COUNT TWO**

**Declaratory Judgment**

50.   Plaintiff realleges and incorporates paragraphs 1-49, above.

51.   A dispute exists between Plaintiff and Defendant concerning Plaintiff's right to acquire and use the Domain Name.  As a consequence of the dispute, an actual and justiciable controversy exists between Plaintiff and Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment:

(a) Declaring that Plaintiff's acquisition and use of the domain name <CVTimeline.com> is not unlawful under the ACPA, 15 U.S.C. § 1125(d);

(b) Declaring that Plaintiff's acquisition and use of the domain name <CVTimeline.com> does not constitute a registration with the bad faith intent to profit from any mark alleged to be owned by Defendant under the ACPA, 15 U.S.C. § 1125(d);

(c) Declaring that Plaintiff is not required to transfer the domain name <CVTimeline.com> to Defendant;

(d) Declaring that the Registrar GODADDY.COM LLC shall not transfer the registration for the domain name <CVTimeline.com> to Defendant;

(e) For such other and further relief as the Court shall deem appropriate.

Dated: January 15, 2021

LEWIS & LIN, LLC

By: /s/ Brett E. Lewis
Brett E. Lewis (*pro hac vice forthcoming*)
81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326
brett@iLawco.com
*Attorneys for Plaintiff*