**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Yammine, | No. CV-21-00093-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Toolbox for HR Spolka z Ograniczona Odpowiedzialnoscia Spolka Komandytowa, | |
| Defendant. | |

Before the Court is Toolbox for HR Spólka Z Ograniczoną Odpowiedzialnością Spólka Komandytowa's ("Toolbox's") Notice of Motion for the Third Extension of the Fact Discovery Deadline and Modifying the Scheduling Order ("Third Motion for Extension") (Doc. 81) and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for the Extension of Time (Doc. 84). Having carefully considered the briefing in this matter, Toolbox's Third Motion for Extension will be denied.

**I.**

Normally, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under this standard, "[t]he pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks and citation omitted). "Although the existence or degree of prejudice to the party opposing the modification

might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.* "Federal courts in Arizona and within the Ninth Circuit 'have articulated and undertaken a three-step inquiry in resolving the question of diligence in the context of determining good cause under Rule 16.'" *Upton v. Corizon Health Care Inc.*, No. CV-17-01502-PHX-JAT, 2019 WL 581274, at *3 (D. Ariz. Feb. 12, 2019) (quoting *Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012)) (brackets omitted). Those three steps are:

> (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Id.* (quoting *Morgal*, 284 F.R.D. at 460). The moving party bears the burden of proving that the three steps are met. *Morgal*, 284 F.R.D. at 460.

## II.

Looking at the first *Morgal* step, Defendant was diligent in assisting the court in creating a workable Rule 16 scheduling order. Defendant participated in a telephonic scheduling conference with this Court on July 8, 2021. (Doc. 49; *see* Doc. 50.) But Defendant does not satisfy the second step. As noted in Plaintiff's brief, Defendant did not serve discovery requests until March 18, 2022, the last day possible day to serve those requests. (Doc. 84 at 5.) That there would be conflict between the parties on the appropriate scope of written discovery which could slow down the fact discovery process, including taking depositions, was reasonably foreseeable.

What is more, the March 18, 2022, deadline for written discovery was already the product of an extension that the Court granted on January 26, 2022. (Doc. 63.) The original written discovery deadline was December 18, 2021. (Doc. 62.) On January 26, 2022, a full 39 days ***after*** the first motion for extension of discovery deadlines was filed, the parties requested an extension until March 18, 2022. (Doc. 62.) Clearly, Defendant has not been diligent in this case—he filed on the last day of the new deadline.

In that same order, the Court granted other lengthy discovery deadline extensions, including the deadline for fact discovery, with the caveat that it would grant "no further extensions absent a showing of extraordinary circumstances." (Doc. 63.) An extraordinary circumstance did arise, and this Court granted an additional two-week extension of the fact discovery deadline. (Doc. 77.) In that order, the Court again noted that it would not grant another extension "absent a showing of extraordinary circumstances." (*Id.*) That some disputes have arisen between the parties over the scope of discovery requests is not "extraordinary."

Defendant has not satisfied its burden under the second step. The Court need not proceed further. Defendant has not shown that it acted with diligence in trying to meet the discovery deadlines.

**III.**

Accordingly,

**IT IS ORDERED denying** Toolbox's Third Motion for Extension.

Dated this 25th day of May, 2022.

Michael T. Liburdi
United States District Judge